FILED

2013 Apr-01  PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GENETTA BROWN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:13-CV-00261-RDP** |
| | } | |
| **RELIANCE STANDARD LIFE** | } | |
| **INSURANCE COMPANY,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION**

Before the court is Plaintiff's Motion to Remand (Doc. #6) and Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #7), both filed on March 5, 2013.  The Motions (Doc. #6) has been fully briefed (*See* Docs. #8, #10, #11) and are properly under submission.  For the reasons discussed below, Plaintiff's Motions (Doc. #6, #7) are due to be denied.

**I.     BACKGROUND AND RELEVANT FACTS**

Plaintiff initiated this action in the Circuit Court of Jefferson County, Bessemer Division, on January 3, 2013.  (Doc. #1, Ex. A).  Plaintiff, individually and as Executrix of the Estate of Enoch Brown, Jr., filed suit against Defendant Reliance Standard Life Insurance Company ("Reliance Standard" or "Defendant") and a number of fictitious defendants.  (*Id.*).  Plaintiff's Complaint includes allegations of breach of contract and bad faith.  (*Id.*).  Plaintiff states that Enoch Brown, Jr. was a longtime employee of The Healthcare Authority for Medical West, an affiliate of UAB Health System ("UAB Medical West").  (*Id.*).  Plaintiff further avers that UAB Medical West maintained Defendant Reliance Standard's Group Life and Accidental Death and Dismemberment Program (the "Program" or "Policy") for its employees' benefit.  (*Id.*).

Plaintiff claims that Enoch Brown, Jr. received basic life insurance under the Program in the amount of $15,000 and also exercised an option to purchase an additional $100,000.00 of supplemental life insurance. (*Id.*). Plaintiff maintains that she was the named beneficiary of the $115,000 in insurance coverage. (*Id.*). Enoch Brown, Jr. died on February 22, 2011 and Plaintiff made a claim for death benefits under the Policy. (*Id.*). Defendant Reliance Standard denied the claim, contending that coverage was not in effect on the date of Enoch Brown, Jr.'s death because a doctor "released" him to return to work on December 5, 2008 and that insurance extended under a premium waiver was terminated on that date. (*Id.*). Defendant Reliance Standard denied Plaintiff's appeal of its decision denying her claim for death benefits. (*Id.*).

Defendant Reliance Standard filed a Notice of Removal on February 6, 2013 asserting that this court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims relate to a claim for benefits under a group employee welfare benefit plan that is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Doc. #1). Alternatively, Defendant Reliance Standard maintains that this court has federal question jurisdiction under 28 U.S.C. § 1332 because Plaintiff is an Alabama citizen, Defendant is an Illinois corporation with its principal place of business in Pennsylvania, and Plaintiff's claim for damages exceeds $75,000. (Doc. #1).

Plaintiff filed her Motion to Remand on March 5, 2013. (Doc. #6), arguing that her claims do not involve a plan governed by ERISA and that the Policy is a governmental plan under 29 U.S.C. § 1002(32), and is therefore exempt from ERISA coverage. (Docs. #6, #8). However, Plaintiff's Motion to Remand did not address whether the court has diversity of citizenship jurisdiction. Defendant Reliance Standard filed an Opposition to Plaintiff's Motion to Remand on March 8, 2013,

again asserting that the court has diversity jurisdiction and maintaining that the court has original jurisdiction under ERISA.  (Doc. #10).  Plaintiff filed a Reply to Defendant Reliance Standard's Opposition on March 11, 2013.  (Doc. #11).  Yet again, Plaintiff failed to address why this court does not have diversity jurisdiction.  Plaintiff instead asserts that Defendant Reliance Standard failed to distinguish cases cited by Plaintiff that involve other similar policies and requests that this court remand the action to state court, or alternatively, that the court strike Defendant Reliance Standard's ERISA-related affirmative defenses.  (Doc. #11).

## II.     STANDARD OF REVIEW

It has long been recognized that federal courts are courts of limited jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Uni. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 2020, 212 (1971).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party.  *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).  Federal courts strictly construe removal statutes and resolve all doubts in favor of remand.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

III.    **DISCUSSION**

Having reviewed Plaintiff's Complaint and the parties' briefing on Plaintiff's Motion to Remand, it is clear to the court that, at a minimum, it has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a).  Section 1332(a) provides that federal courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a)(1).  A case is not removable until both conditions are met.  *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285 (M.D. Ala. 2011).

As explained below, here, both conditions are satisfied.

A.      **Complete Diversity of Citizenship**

Federal diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" – that is, the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n. 2 (11th Cir. 2005).  Here, Plaintiff's Complaint asserts that she resides in Alabama, making her an Alabama citizen for diversity of citizenship purposes.  (See Doc. #1, Ex. 1).  Plaintiff's Complaint further alleges that Defendant Reliance Standard is an Illinois corporation.  (*Id.*).  Defendant also has stated that its principal place of business is Pennsylvania.  (Docs. #1, 10).  Therefore, Defendant Reliance Standard is a citizen of Illinois and Pennsylvania for diversity of citizenship purposes.  *See* 28 U.S.C. § 1331(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .").  Because Plaintiff and Defendant are citizens of different states, complete diversity exists.  Thus, the first requirement for diversity jurisdiction under § 1332(a).  Next, the court analyzes the amount in controversy requirement**.**

**B.      Amount in Controversy**

The next question regarding diversity jurisdiction is whether the amount in controversy has been satisfied.  In a case such as this, where Plaintiff does not specifically allege an amount in controversy or specify the total amount of damages sought in the Complaint, Defendant must prove the amount in controversy by a preponderance of the evidence.  *See e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 136, 1319 (11th Cir. 2001).  In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc., et al.*, 613 F.3d 1058, 1061 (11 th Cir. 2010), *citing Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11 th Cir. 2010).

Defendant Reliance Standard maintains that removability is facially apparent from the face of Plaintiff's Complaint.  (Doc. #10).  Therefore, this court "must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden."  *Roe*, 613 F.3d at 1061.  "Eleventh Circuit precedent permits [this court] to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'"  *Id.*, quoting Pretka, 608 F.3d at 754.  Here, the court concludes that it is facially apparent from Plaintiff's Complaint that she seeks more than $75,000 in damages.  First, the court notes that Plaintiff claims she is entitled to $115,000.00 in death benefits under the Policy.  (Doc. #1, Ex. 1).  This amount alone exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a)(1). Plaintiff also seeks compensatory and punitive damages. (Doc. #1, Ex. 1).  Thus, the court concludes that the $75,000 amount in controversy is plainly met.

Because (1) the parties' citizenship is diverse and (2) the amount in controversy exceeds $75,000, the court finds that it has diversity jurisdiction over this action. Having concluded it may exercise diversity jurisdiction, the court need not determine whether it has federal question jurisdiction under § 1331. The court contemplates bifurcating discovery and permitting the parties to brief the issue of whether (1) the Policy is covered by ERISA or (2) is a governmental plan under 29 U.S.C. § 1002(32) and therefore exempt from ERISA coverage. Once this determination is made, the court will instruct the parties regarding their responsibilities under (1) the ERISA initial order or (2) the court's standard initial order.

## IV.    CONCLUSION

For the reasons outlined above, Plaintiff's Motion to Remand (Doc. #6) and Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #7) are due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this _____1st_____ day of April, 2013.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE